UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDDIE NELSON                                                                CIVIL ACTION

VERSUS                                                                         NO. 05-1682

CHET MORRISON DIVING, L.L.C.                                  SECTION "I" (2)

## REPORT AND RECOMMENDATION

Defendant, Chet Morrison Diving, L.L.C., filed a motion to enforce its settlement agreement with plaintiff, Eddie Nelson, in this action. Record Doc. No. 26. Defendant's motion was referred to me for report and recommendation. Record Doc. No. 28. I ordered that plaintiff's written opposition, if any, must be filed no later than January 3, 2007. Record Doc. No. 29.

No memorandum in opposition to defendant's Motion to Enforce Settlement, Record Doc. No. 26, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit in part,

IT IS RECOMMENDED that the motion be GRANTED IN PART AND DENIED IN PART, as follows.

I.	FACTUAL BACKGROUND

The following material facts are undisputed.[1] Plaintiff's complaint alleges that he was injured while employed by defendant in the service of defendant's vessel in navigable waters. He brings claims under the Jones Act, 46 U.S.C. § 688(a), and general maritime law. He invokes admiralty jurisdiction under 28 U.S.C. § 1333(1).

On April 3, 2006, I conducted a settlement conference in this case. Record Doc. No. 24. Plaintiff's attorney, Seth Cortigene, subsequently advised the court by letter dated April 17, 2006 that the parties had settled this matter. Defendant's Exh. A. On April 18, 2006, the presiding district judge entered an order of dismissal, without prejudice to the right of any party upon good cause to reopen the action or to seek summary judgment to enforce the settlement if settlement was not consummated within a reasonable time. The court retained jurisdiction for all purposes, including enforcing the settlement. Record Doc. No. 25.

Defendant's counsel prepared and forwarded to plaintiff's counsel the settlement documents and a check payable to Nelson and his attorney in the amount of $27,500, the agreed upon settlement amount. On June 27, 2006, defendant's attorney wrote to Cortigene, inquiring about the status of the settlement documents. Defendant's Exh. C

---

[1] Although defendant's exhibits (consisting of copies of correspondence between the parties) are not verified as required by Fed. R. Civ. P. 56, Nelson has not filed any opposition memorandum or objected to the authenticity of the exhibits. The court therefore assumes that the exhibits could be verified if necessary and are authentic.

in globo. Cortigene orally advised defendant that Nelson refused to sign the settlement documents.

II.     ANALYSIS

    A.     The Enforceability of the Settlement Agreement

The court's order of dismissal in the instant action expressly incorporated the terms of the settlement agreement and retained jurisdiction to enforce the agreement. Record Doc. No. 25. A settlement agreement is a contract that, when incorporated into a judgment, becomes a court decree. White Farm Equip. Co. v. Kupcho, 792 F.2d 526, 529 (5th Cir. 1986). A federal court that maintains jurisdiction over a settled action possesses the inherent power to enforce agreements entered into in settlement of litigation pending before it. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994); Langley v. Jackson State Univ., 14 F.3d 1070, 1074 (5th Cir. 1994); Eastern Energy, Inc. v. Unico Oil & Gas, Inc., 861 F.2d 1379, 1380 (5th Cir. 1987).

A party to a settlement agreement may move to enforce the agreement when the other party reneges. The court may grant such a motion if it finds, after an evidentiary hearing concerning any disputed issues of the validity and scope of the agreement, that an agreement was reached. Noble Drilling, Inc. v. Davis, 64 F.3d 191, 195-96 (5th Cir. 1995); Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 389-90 (5th Cir. 1984) (citing Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33 (5th Cir. 1967));

Schommer v. McKinney Towing, Inc., No. 88-1687, 1991 WL 68468, at *1-2 (E.D. La. Apr. 22, 1991), aff'd without opin., 952 F.2d 400 (5th Cir. 1992); Local Rule 41.2E.

"Whereas federal courts sitting in diversity apply state law when determining the validity of a settlement agreement, the Fifth Circuit has long held that the enforceability or validity of settlement agreements are [sic] determined by federal law 'where the substantive rights and liabilities of the parties derive from federal law.'" Turner Marine Fleeting, Inc. v. Quality Fab & Mech., Inc., No.02-0091, 2002 WL 31819199, at *4 (E.D. La. Dec. 13, 2002) (Vance, J.) (quoting Mid-South Towing Co., 733 F.2d at 389) (additional citations omitted); accord Chaplin v. NationsCredit Corp., 307 F.3d 368, 372 (5th Cir. 2002) (action for ERISA benefits); Macktal v. Secretary of Labor, 923 F.2d 1150, 1157 n.32 (5th Cir. 1991) (federal whistleblower action) (citing Town of Newton v. Rumery, 480 U.S. 386, 392 (1987) (Section 1983 action)); Zim Israel Navig. Co., Ltd. v. Special Carriers, Inc., 800 F.2d 1392, 1394 (5th Cir. 1986) (admiralty action); Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir. 1981) (Title VII action); Offshore Marine Contractors, Inc. v. Laborde Marine Crewboats, LLC, No. 04-1088, 2005 WL 3533706, at *1 (E.D. La. Dec. 1, 2005) (McNamara, J.) (admiralty action).

In this case, the parties' rights and liabilities derive exclusively from federal law. Thus, this court will apply "the federal common law of contract interpretation in deciding

whether to enforce a settlement agreement" in this action brought under the Jones Act and general maritime law. Turner Marine Fleeting, Inc., 2002 WL 31819199, at *4.

Under federal law, an oral agreement to settle is binding. Words v. United Parcel Serv., 976 F.2d 740, 1992 WL 230258, at *2 (10th Cir. Sept. 16, 1992); Fulgence, 662 F.2d at 1209.

As plaintiff's attorney of record, Cortigene had at least apparent (if indeed not actual) authority to settle the case on Nelson's behalf. Under federal common law, apparent authority "exists where the principal engages in conduct that 'reasonably interpreted' causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." Lamar Co., LLC v. National Labor Relations Bd., No. 04-60416, 2005 WL 806721, at *3 (5th Cir. Apr. 8, 2005) (quoting Restatement (Second) of Agency § 27 (1992)). "[A]pparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." Restatement (Second) of Agency § 27 (emphasis added).

Defendant has submitted the letter from plaintiff's attorney to the court, advising that the parties had reached a settlement, and defense counsel's letter to Cortigene enclosing the settlement documents and a check for $27,500. Defendant's Exhs. A, B.

5

Nelson has submitted no evidence to contradict his attorney's apparent (or actual) authority to settle the case for this amount or in any way otherwise to dispute the facts asserted in the motion.

Accordingly, defendant's motion should be granted in that the settlement agreement should be enforced in the amount of $27,500.

### B. Defendant's Request for Attorney's Fees and Costs

As to the request in defendant's motion for attorney's fees and costs associated with filing the instant motion, defendant has cited no authority, and I am aware of none, that would permit this relief. "The Settlement Agreement is purely a contract between [plaintiff] and [defendant] arising under state law." Premiere Network Servs., Inc. v. SBC Commc'ns, Inc., 440 F.3d 683, 691 n.9 (5th Cir. 2006) (citing Kokkonen, 511 U.S. at 381-82). Louisiana law permits an award of attorney's fees for the enforcement of a contract only if the contract so stipulates. La. Civ. Code art. 2000.

Defendant has submitted no evidence that Nelson agreed to pay its attorney's fees for enforcement of the contract as part of the settlement agreement. Accordingly, this portion of defendant's motion should be denied.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to enforce settlement in the amount of $27,500 be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the request in defendant's motion for an award of attorney's fees and costs be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __11th__ day of January, 2007.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE